UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-62262-CIV-DIMITROULEAS

RUDOLPH BETANCOURT,

      Plaintiff,

vs.

VIVIAN PERRY,
MIYI LA CUBANITA CUBAN CAFE INC d/b/a
MIYI LA CUBANITA CUBAN CAFE DOS, and
PERRY, PERRY WOONTON, a General Partnership,

      Defendants.

_____/

## FINAL DEFAULT JUDGMENT AND AWARD OF FEES AND COSTS AGAINST DEFENDANT PERRY, PERRY, WOONTON

THIS CAUSE is before the Court on Plaintiff, Rudolph Betancourt ("Plaintiff")'s

Verified Motion for Default Final Judgment for Injunctive Relief against Defendant Perry, Perry,

Woonton and Plaintiff's Verified Application for Award of Reasonable Attorney's Fees and

Costs against Defendant Perry, Perry Woonton (the "Motion"), filed September 14, 2023 [DE

51]. The Court has carefully considered the Motion and the record and is otherwise fully advised

in the premises.

The Court granted the Motion in an Order entered separately today. Pursuant to Federal

Rule of Civil Procedure 58(a), the Court enters this separate final judgment.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Default judgment is hereby entered in favor of Plaintiff, RUDOLPH BETANCOURT,

   against Defendant, PERRY, PERRY, WOONTON. The Court herby ENJOINS

Defendant, PERRY, PERRY, WOONTON, from continuing his discriminatory practices, and ORDERS Defendant, PERRY, PERRY, WOONTON, to alter the property located 1380 Powerline Rd., Deerfield Beach, Florida 33064 ("the Subject Property") and to comply with 42 U.S.C. § 12181, et seq., by both complying with any requested and intended accessibility related remediations to be completed by the tenant at the Subject Property, Miyi La Cubanita Café Inc, and additionally by remediating the following violations:

### Accessible Parking

- The accessible parking space does not provide an access aisle adjacent to the space making it difficult for the plaintiff to traverse, in violation of section 502.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### Accessible Route

- The facility does not provide a compliant accessible route within site from the accessible parking spaces to the facility entrances they serve making it difficult for the plaintiff to traverse, violating sections 206.1 and 206.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

- The uneven ground surface throughout the restaurant has vertical changes in level exceeding the maximum height allowance of ¼ inch making it difficult for the plaintiff to traverse. In violation of sections 302 and 303.2 of the 2010 ADA Standards, whose resolution is readily achievable.

- The ramp leading to the back exterior table seating exceeds the maximum slope allowance of 8.33% making it difficult for the plaintiff to traverse, in violation of section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

### Entrances

- The entrance with the blue step to the patio seating does not provide directional signage to the accessible entrance making it difficult for the plaintiff to locate, in violation with sections 216.3, 216.6, 703.5, and 703.7.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

- The restaurants doorway has a threshold that exceeds the maximum height allowance of a ¼ inch making it difficult for the plaintiff to enter and exit the facility, in violation of sections 206.4, 404.2.5, and 303.2 of the 2010 ADA Standards, whose resolution is readily achievable.

2. Defendant, PERRY, PERRY, WOONTON, shall also comply and cooperate with Defendant, MIYI LA CUBATINA LATINA CORP, to permit, allow, or authorize and any all remediations being made by the Defendant, MIYI LA CUBANITA LATINA CORP, to bring the Subject Property into compliance with the ADA.

3. The above-referenced alterations and modifications shall be completed in all respects by **March 31, 2024**.  If the alterations and modifications are not completed in all respects by March 31, 2024, then Defendant, PERRY, PERRY, WOONTON, shall be subject to reasonable sanctions to compel compliance with this Default Final Judgment.  Said sanctions may include but not be limited to per diem fines and/or the closing of the premises until said modifications are completed.

4. Further, the Court enters an award in favor of Plaintiff and, against the Defendant, PERRY, PERRY, WOONTON, in the total amount of **Eight-Thousand, Eight-Hundred and Twenty Dollars and Thirty-One Cents ($8,820.31)**, which includes Plaintiff's attorney's fees in the amount of Five-Thousand, Five-Hundred and Ninety-Seven Dollars and Zero Cents ($5,597.00) plus an award in the amount of Three-Thousand, Two-Hundred and Twenty-Three Dollars and Thirty-One Cents ($3,223.31) for legal costs and expenses—for which let execution issue forthwith.

5. The Court retains jurisdiction of the above-styled action to permit Plaintiff to seek additional attorney's fees and costs and to assure Defendant, PERRY, PERRY, WOONTON, subsequent compliance with this Judgment and the Americans with Disabilities Act.

6. The Clerk is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**7.** The Clerk shall **MAIL** a copy of this Order to Defendant PERRY, PERRY, WOONTON

at the address below.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida,

this 29th day of September, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of Record

Perry, Perry, Woonton
c/o Registered Agent: Gerard J. Perry
2500 NE 33 St.
Lighthouse Point, Florida 33064